**In re Gary Wayne SMITH, Debtor.**

**Gary Wayne Smith, Plaintiff,**

v.

**Lisa Sanchez, et al., Defendants.**

**Bankruptcy No. 00–51991.
Adversary No. 00–0156.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 24, 2001.

David L. Lash, Beachwood, OH, for Lisa Sanchez, Nichole Smith and Kimberly Smith.

Samuel L. Calig, Calig & Handelman, LPA, Columbus, OH, for plaintiff/debtor.

*OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AS PREMATURE*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the plaintiff's complaint seeking a determination that any award of past-due child support for the period from March 19, 1981 and March 14, 1997 is dischargeable. The matter was set for trial on March 26, 2001, at which time only the plaintiff and his attorney appeared and presented evidence. The Court entered judgment on May 2, 2001 in favor of the plaintiff.

After receiving the May 2, 2001 order, defendants Lisa Sanchez, Nichole Smith, and Kimberly Smith filed a motion for new trial which was granted on July 2, 2001. The Court set the matter down for a continued trial to be held on September 4, 2001.

Counsel for the plaintiff and the aforementioned defendants appeared on September 4, 2001 for trial. Also appearing was counsel for defendant Cuyahoga County Child Support Enforcement Agency. This defendant joined in the other defendants' argument that a duty of child support is nondischargeable under 11 U.S.C. § 523(a)(5), but conceded that in this case, the amount owed to the agency by the plaintiff was $0.

Many of the facts in this case are undisputed. The plaintiff and defendant Lisa Sanchez lived together in Corpus Christi, Texas, and San Diego, California, from 1980 until 1984. Two children, Nichole Smith and Kimberly Smith, were born of this relationship. On January 3, 1984, the Superior Court of California, County of San Diego, entered an order which reflected the plaintiff's acknowledgment of paternity and found that the plaintiff had the present ability and owed a duty of support. As the plaintiff and defendant were still living together with the children, no child support order was entered.

Defendant Lisa Sanchez subsequently left California with the children. Within a year of her departure, she contacted the

plaintiff, and he left California to join her and the children in Cleveland, Ohio. He remained in Cleveland for two to four weeks until defendant Lisa Sanchez indicated she wanted him to leave. He then moved to southern Ohio where he resided with his mother. Over the next two years, she would contact him, he would go back to Cleveland, and then she would ask him to leave. The plaintiff eventually grew weary of this practice and lost contact with defendant Lisa Sanchez and the children. He continued to reside with his mother at the same address.

At some point in 1996, the plaintiff, with defendant Lisa Sanchez' agreement, had custody of Nichole Smith. On November 4, 1996, a magistrate of the Cuyahoga County Juvenile Court entered an order incorporating this custody agreement and requiring the plaintiff to pay temporary child support of $50 per week for Kimberly Smith. On March 14, 1997, Judge Gallagher of the Cuyahoga County Juvenile Court, modified the custody arrangement between the parties with their consent to provide that defendant Sanchez would have custody of both children. The juvenile court thereupon ordered the plaintiff to pay child support of $100 per week. The magistrate's temporary order and the juvenile court's journal entry constituted the first child support orders entered by any court with respect to these children.

Defendant Lisa Sanchez and/or defendant Cuyahoga County Child Support Enforcement Agency also sought child support from the plaintiff for the period of March 19, 1981, when the first of the two children was born, until March 14, 1997. On March 14, 2000, Magistrate Strunk of the Cuyahoga County Juvenile Court rejected the plaintiff's laches defense and scheduled the matter for an evidentiary hearing to be held June 15, 2000. The plaintiff filed a petition for relief under chapter 7 of the Bankruptcy Code on March 13, 2000. He then commenced this adversary proceeding on June 9, 2000.

■ The plaintiff contends that 11 U.S.C. § 523(a)(5) contemplates only an actual award of child support and not merely a duty of support. The Court can find no case law which would uphold such a constrained reading. The statute simply provides that any debt to a child of the debtor in connection with an order of a court of record is nondischargeable. There is nothing in this language to suggest that an award of past child support made by a court of competent jurisdiction would not fall within the scope of § 523(a)(5).

■ Having rejected the plaintiff's legal argument against nondischargeability, the Court is faced with a situation where no such past child support order has been entered. If, as the defendants concede, the dischargeability of any such award would depend on resolution of the factors set forth in *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1109 (6th Cir.1983), this Court is in no position to determine the question of dischargeability in the absence of a specific award.

Based on the foregoing, the Court **DISMISSES** the plaintiff's complaint as premature. The plaintiff may seek to re-open this adversary once the issue of the past child support is finally determined by the state courts. This Court is hopeful that the Cuyahoga County Juvenile Court, in making its decision, will not mechanically apply the Ohio child support guidelines, but will consider the fact that the Cuyahoga County Child Support Enforcement Agency is asserting no claim to any past child support.

**IT IS SO ORDERED.**